### Rowe *v.* Phillips.

In an answer in equity, as well as in a plea in a suit at law founded upon a specialty, where the defence is usury, the terms of the agreement, and the quantum or rate of the usurious premium or interest, must be stated specifically; and the proof must come up to the statement in the pleading.

Proof of the plaintiff's admission that he had taken usury, will not support a plea setting forth a particular sum or rate per cent; nor will proof that he exacted a certain rate per cent sustain a plea alleging the taking of a sum in gross which does not correspond with the rate proved.

Where the answer charged that the mortgagee exacted $112 50 for usury; and the testimony consisted of his admissions, that he had taken usury in the mortgage, also that the mortgagors paid him more than seven per cent, and that they paid him ten or twelve per cent; neither of which rates would produce the sum named; *held* that the proof did not support the answer.

Albany, January 18, 1844.

THE bill in this cause was filed to foreclose a mortgage for $2900, executed by Edmund and William Phillips to the complainant, on the first day of September, 1840.

The defence set up by the mortgagors was that the mortgage was usurious. They filed a cross-bill to obtain a discovery of the facts alleged in their answer, but the answer of the mortgagee denied the allegations. The original and cross-suits were heard together, and so far as the pleadings and testimony were material to the points reported, they appear in the judgment of the court.

*K. Miller and S. Stevens*, for the complainant.

*H. Hogeboom*, for the defendants.

THE ASSISTANT VICE-CHANCELLOR.—The answer in the original suit alleges that "the bond and mortgage are illegal and void; that the same are usurious; and particularly and especially that the complainant Rowe, in stating and making up the pretended consideration thereof, included in such statement and computation, an item of $112 50, pretended to be for that amount of cash furnished to the defendants or with which they were chargeable, by the complainant, on the day of the date of the mortgage." The answer further alleges that "the said item is wholly fictitious and unfounded, and was inserted as a part of the consideration of said bond and mortgage by way of usury." And the allegation is subsequently repeated that the "bond and mortgage are void for usury."

The cross bill contains substantially the same charges, simplified as to the item of $112 50, but containing no other specific charge of usury.

The general averment that the bond and mortgage are usurious, that they are void, &c., is unavailing. This defence cannot be proved under such an averment. In equity, as well as in a suit at law founded upon a specialty, the terms of the usurious contract, and the quantum of the usurious premium or interest, must be specified and set out distinctly, in the plea or answer; and the proof must come up to the statement in the pleading. (*Vroom* v. *Ditmars*, 4 Paige's R. 526, 533; *New Orleans Gas Light and Banking Company* v. *Dudley*, 8 ibid. 452, 458; *Crenshaw's Admin'r* v. *Clark*, 5 Leigh's Rep. (Va.) 69; *Smith* v. *Nicholas*, 8 ibid. 330.)

The defence to this bond and mortgage is therefore limited to establishing the usurious item of $112 50.

The only witness who testifies in regard to this sum, is Mr. Esselstyne, the solicitor who prepared the bond and mortgage, and he says that in making up the statement of the sum for which the securities were to be given, the $112 50 was inserted on an allegation of Rowe, that he had lent that amount to William

Phillips in two or three sums, for which he had no note. William Phillips was not present, when the statement was prepared. Mr. Esselstyne says he asked Edward Phillips if the charge was right, but he did not seem to know whether it was or not; Rowe explained it to Edward, who then said he presumed it was right, although he did not know, it was a transaction between William and Rowe. Upon this Mr. Esselstyne entered the amount on the statement; and this is all that he knows on the subject. The evidence, so far, proves nothing against the justice of the $112 50.

Other witnesses prove that Rowe said he had taken usury, or that there was usury in the mortgage; that the Phillips's paid him more than seven per cent; that they paid him ten, or twelve per cent interest; and as one witness says, five per cent, premium. Another witness speaks of a sum of ten dollars usury in a note of $150, which went into the bond and mortgage.

It is not perhaps usual for usurers to make admissions, but one cannot on the testimony in this case, resist the conclusion that there was usury in the bond and mortgage.

The insuperable difficulty in the case is, that the proof does not support the usury set up in the answer. No one of the rates per cent mentioned by the witnesses, will produce an amount of usury corresponding with the $112 50, even if it were assumed that the per centage spoken of was included in the bond and mortgage, as to which the testimony is quite obscure. Then proof of declarations that there was usury, that he had taken ten per cent, twelve per cent, &c., is not evidence that Rowe had included this $112 50, in the mortgage. A general admission of taking usury, will not support a plea of a particular sum or rate per cent stated as constituting the usury; any more than proof of the admission of a party that he owed the plaintiff, would support a claim for any sum that the plaintiff might choose to insert in his declaration or bill of particulars.

The defence cannot be maintained on this evidence.

I have not alluded to the cross bill on this point, because Rowe was required to answer it on oath, and he has fully denied the alleged usury; thus making the case of the mortgagors much more difficult than it was upon the original bill and answer.

The cross bill will have to be dismissed with costs; and in the original suit the complainant is entitled to the usual decree.