Lane and others, adm'rs of Burr, *vs.* Losee and others.

Where a lender receives from the borrower a security for the payment of the sum loaned, with interest, and thereupon gives him his checks for the amount loaned, less the amount of a note which the lender holds against the borrower, which checks are payable in six months, without interest, the transaction is usurious.

In a suit, either in equity or at law, founded on a specialty, where the defence of usury is set up, the terms of the usurious contract, and the amount of the usurious premium, must be set out distinctly and correctly in the answer, or plea; and the proof must sustain such statements.

If the contract proved is materially different from that alleged in the answer, or plea, the defendant must fail; even though the contract proved is usurious.

What is a material variance between the allegation and the proof, in this respect.

In Equity. The bill in this cause was filed to foreclose a mortgage executed by the defendants, Benjamin Losee and wife, to Jonathan Burr, in his lifetime, to secure the payment of $5000 with interest. The mortgage was dated March 25, 1843, and, with the bond accompanying the same, was executed in anticipation of a loan which it was expected Burr would make to the mortgagor. After the mortgage had been executed and recorded, Burr declined making the loan, and the bond and mortgage remained in the hands of one Hoag, the agent of Burr, until the 9th of November following, when Burr made the loan, and the interest was endorsed on the bond as paid up to that date. The defendant Losee stated in his answer that

when the loan was completed it was corruptly and usuriously agreed between him and Burr, that he should receive from Burr, as and for the said sum of $5000, two checks of Burr upon the Farmers' Bank of Troy, payable in six months, without interest, for $4658, together with a note which Burr then held against Losee, upon which there was due for principal and interest $341,10, and ninety cents in cash to make up the balance of $5000. That in pursuance of such usurious agreement, Burr delivered to him the note and checks and paid the ninety cents, and received the bond and mortgage as a security for $5000, with interest from the 9th of November, 1843. The answer then proceeded to state as follows: "And this defendant, Benjamin Losee, further answering insists, and offers to prove as aforesaid, and submits to this honorable court, that part of the consideration of the said mortgage and bond was the two checks or drafts above described, and which were on the said 9th day of November, 1843, worth only the sum of $4494,97—and that on that day, and as such part consideration, at Kingsbury aforesaid, the said checks or drafts were delivered and loaned and taken and received as aforesaid, and as such part consideration, and as cash for and as and at the sum of $4658, which included $163,03 usury, and rendered the said bond and mortgage, &c. usurious and void." Hoag was examined as a witness on the part of the defendant Losee, and proved the transaction as stated in the answer, except that he did not recollect any thing about the payment of any small sum of money by Burr to Losee, to make it even, after deducting the amount of the note and checks.

*C. L. Tracy & J. E. Taylor*, for the plaintiffs.

*M. T. Reynolds*, for the defendant Losee.

HARRIS, J. The transaction between Burr and Losee was clearly usurious. Burr received a security for the payment of $5000, with interest from the 9th of November, 1843, and gave therefor his checks payable six months thereafter, thus securing

Lane v. Losee.

to himself a premium of six months interest upon the entire loan, except the note for $341,10. The only question in the case is whether the defendant has proved the usurious contract as he has stated it in his bill. For in a suit, either in equity or at law, founded on a specialty, the terms of the usurious contract, and the amount of the usurious premium, must be set out distinctly and correctly in the answer, or plea, and the proof must sustain such statements. If the contract proved is materially different from that alleged in the answer, or plea, the defendant must fail; even though the contract proved is usurious. (*New Orleans Gas Light and Banking Co.* v. *Dudley*, 8 *Paige*, 457. *Vroom* v. *Ditmas*, 4 *Id.* 526. *Rowe* v. *Phillips*, 2 *Sand. Ch. Rep.* 14.) The only variance between the proof and the statements of the answer upon which the plaintiff relies in this case, is that it is not proved that the balance of *ninety cents* in cash was paid. I cannot regard this variance as a matter of substance. It is not material, upon the question of usury, whether the ninety cents were paid or not. The charge in the answer is that the usury consisted in giving the checks payable in six months without any allowance for the interest before they were payable, and thus securing to the lender an usurious premium equal to six months' interest on the checks. This charge is sustained by the testimony of Hoag. There is, therefore, no material difference between the usurious agreement as proved, and that alleged in the answer. In this view of the case, the testimony of the witnesses, Cramer and Robert Losee, becomes unimportant; and I have therefore not thought it necessary to examine the question of their competency. There must be a decree dismissing the plaintiffs' bill with costs.